ARTHUR Y. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 5954-83.
United States Tax Court
T.C. Memo 1985-534; 1985 Tax Ct. Memo LEXIS 94; 50 T.C.M. (CCH) 1310; T.C.M. (RIA) 85534; October 21, 1985. Arthur Y. Johnson, pro se. Michael R. McMahon, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the *95 following deficiencies and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6653(a) [1]
Sec. 6651(a)
Sec. 6654
1979
$5,512
$276
$944
$139
1980
5,357
268
1,067
255
1981
12,850
643
2,338
651
The issues for decision are whether petitioner had taxable income in the amounts determined by respondent and whether he is liable for additions to tax under section 6653(a), 6651(a), and 6654. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Other facts are deemed admitted pursuant to Rule 90(c). The deemed admissions and stipulated facts are incorporated by this reference. Petitioner resided in Benton City, Washington, when he filed the petition in this case. During the 1979 taxable year, petitioner received wages of $10,560 from Atkinson Wright Schuchart, $123.88 from Fischbach/Lord Electric Company and $14,072.60 from Power City Electric, Inc. In that year petitioner also *96 received $28 of interest from the Internal Revenue Service and $89 of interest from I.B.E.W. No. 112 in that year. (The record provides no elaboration on the name I.B.E.W.). In 1980, petitioner received wages of $13,402.41 from Lord Electric Co., Inc., and of $9,478.25 from Power City Electric, Inc. Petitioner also received unemployment compensation of $1,538 from the State of Washington and interest of $51 from I.B.E.W. No 112 in that year. In 1981 petitioner received wages of $40,732.93 from Power City Electric, Inc. During each of the years in issue, petitioner filed Forms W-4 (Employee's Withholding Allowance Certificate) with his employers, on which he claimed that his wages were exempt from withholding. Petitioner also filed Federal income tax forms with respondent for each year in issue. On those forms, petitioner responded to each inquiry by typing either "OBJECT--SELF INCRIMINATION" or "NONE." The forms reported no information from which tax liability could be determined. OPINION We must first determine whether petitioner received taxable income in the amounts determined by respondent. Respondent properly served a request for admissions on petitioner. Petitioner *97 did not respond to this request. Rule 90(c) provides that each matter is deemed admitted unless the party to whom the request is directed responds appropriately within 30 days, or within such period as the Court may allow. The rule is self-executing. Freedson v. Commissioner,65 T.C. 333, 335-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Petitioner stated that he did not respond to the request because "I did not get my mail picked up." Because respondent properly served the document upon petitioner, petitioner's failure to collect his mail is irrelevant. Accordingly, the statements contained in the Request for Admissions are deemed admitted. The deemed admissions establish that petitioner received income during the years and in the amounts determined by respondent. As petitioner concedes, only the additions to tax remain in dispute. Respondent's determinations are presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). During the years in issue, [2] section 6653(a) provided that: If any part of any underpayment * * * of any tax imposed by subtitle *98 A * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. Petitionerin the instant case maintains that he objected to providing any information on his Federal income tax return because he "could be waiving [his] most fundamental constitutional *99 rights." He insists that he should be granted immunity from criminal prosecution before being required to provide the information requested on the Form 1040. In addition, petitioner presented the Court with three "Memoranda of Law" which contained various other constitutional arguments, including arguments relating to the privileges and immunities clause of Article IV, section 2, and the Seventh Amendment right to trial by jury. The privilege against self-incrimination may be asserted with respect to an Internal Revenue Service form only if petitioner shows a "relationship between the information required on the * * * form and a real and appreciable danger of criminal prosecution at the time he was required to complete that form." Rowlee v. Commissioner,80 T.C. 1111, 1122-1123 (1983); see Hoffman v. United States,341 U.S. 479 (1951). Petitioner has made no effort to show such a relationship, either during oral testimony before the Court or in his prepared written statements. His other arguments have been rejected by this Court on occasions too numerous to count, and merit no further discussion. McCoy v. Commissioner,76 T.C. 1027 (1981), *100 affd. 696 F.2d 1234 (9th Cir. 1983). Petitioner admitted that he was aware that his position was contrary to established case law by stating to this Court that "it has been continuously ruled in Tax Court that the Fifth Amendment is frivolous." While we certainly have never ruled that the Fifth Amendment is frivolous, we have held repeatedly that valid Fifth Amendment assertions must be supported by facts indicating that a criminal case is pending or contemplated or that an answer to the question posed would expose petitioners to a real danger of criminal prosecution. E.g., McCoy v. Commissioner,supra;Howell v. Commissioner,T.C. Memo. 1981-631. Petitioner has clearly failed to meet his burden of proving that his failure to file valid Federal income tax returns was not due to negligence or intentional disregard of the rules. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). His failure to provide any information on the Form 1040, and his claim of exempt status on his Form W-4, warrant imposition of the addition to tax under section 6653(a). The addition to tax under section 6651(a) is imposed for the failure *101 to file a required return. Section 6651(a)(1). A document constitutes a valid return if it contains sufficient data from which respondent can compute and assess a tax liability and evinces an honest and genuine endeavor to satisfy the requirements for a return. E.g., McCaskill v. Commissioner,77 T.C. 689, 696-697 (1981). In the instant case, petitioner provided no information with which respondent might have determined his tax liability. As such, the form he filed does not constitute a return. See United States v. Johnson,577 F.2d 1304, 1310-1311 (5th Cir. 1978); United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970). The addition to tax under section 6654 is imposed "[i]n the case of any underpayment of estimated tax by an individual" with exceptions not here applicable. Section 6654(a). Petitioner has presented no evidence to show that he paid estimated tax, and therefore has not met his burden of proof with respect to this issue. Rule 142(a); Welch v. Helvering,supra.
We note that this Court, in its discretion and upon its own motion, may award damages upon to $5,000 against taxpayers who *102 institute or maintain proceedings in this Court primarily for delay, or who advance positions that are frivolous or groundless. Section 6673; Sydnes v. Commissioner,74 T.C. 864 (1980), affd. 647 F.2d 813 (8th Cir. 1981). When we consider petitioner's admission relating to Fifth Amendment cases in this Court in conjunction with the frivolous arguments advanced, we are convinced that damages in the amount of $5,000 are appropriate. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated. Any reference to "Rules" is to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 6653(a) was amended by Pub. L. 96-223, sec. 101(f)(8), 94 Stat. 253, effective after Feb. 29, 1980. The amendments do not, however, affect our decision in this case. In addition, sec. 6653(a) was amended by the Economic Recovery Tax Act of 1981 to provided for an additional addition to tax with respect to the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. See sec. 6653(a)(2), as amended by the Economic Recovery Tax Act of 1981, Pub. L. 97-34, sec. 722(b)(1), 95 Stat. 172, 342. This amendment is applicable to taxes the last date prescribed for payment of which is after December 31, 1981. Respondent has not chosen to assert this additional amount as to petitioner's 1981 taxable year, and we therefore do not consider its applicability.↩