FREDRICK R. SMITH AND MONICA R. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 32821-83.
United States Tax Court
T.C. Memo 1986-473; 1986 Tax Ct. Memo LEXIS 129; 52 T.C.M. (CCH) 632; T.C.M. (RIA) 86473; September 24, 1986. Fredrick R. Smith, pro se. Jonathan J. Ono, for the respondent. SHIELDS
*130 MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: In separate statutory notices, both dated August 26, 1983, respondent determined deficiencies in and additions to petitioners' income tax as follows: Additions to Tax
Petitioner
Year
Deficiency
Section 6653(b) [1]
Section 6654
Fredrick R.
1979
$15,661 $7,831 $651 Smith
1980
18,717
9,359
1,195  1981
21,765
10,883 1,673  Monica R. Smith
1979
4,328
2,164
181
1980
5,447
2,724
347
1981
6,341
3,171
486
After concessions, the issues remaining for decision are: (1) whether petitioners received unreported taxable income as determined by respondent; (2) whether petitioner Fredrick Smith is liable for the addition to tax for fraud under section 6653(b), [2] or alternatively, whether both petitioners are liable for additions to tax under section 6653(a) and 6651(a); and (3) whether petitioners are liable *131 for additions to tax under section 6654. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and exhibits attached thereto are incorporated herein by reference. Petitioners, Fredrick R. and Monica R. Smith, resided in Henderson, Nevada at the time their petition was filed. During the years 1979 through 1981 they were husband and wife and had three dependent children.Fredrick, hereinafter sometimes referred to as petitioner in the singular, was unemployed at times during these years and was self-employed as a plumber at other times. Monica was unemployed for the entire period. Petitioners filed a proper joint income tax return for each of the years 1974 through 1978. However, in March 1980, they filed claims for the refund of all taxes paid in those years on the ground that Fredrick's earnings were not taxable and income tax had been paid thereon in error. In connection with the refund claims, Fredrick requested a conference with and certain information from respondent's district director. The district director replied, *132 by a letter dated April 8, 1980, as follows: Your request for written information and a meeting per letters of April 4, 1980 and March 31, 1980 is denied. Please direct any future correspondence to the attention of Marcus Muller, Criminal Investigation Division, Illegal Tax Protester Coordinator, P.O. Box 2522, Reno, Nevada 89505. Any future correspondence will be forwarded to him. In September 1980, respondent denied petitioners' refund claims for 1974, 1976, and 1980, but took no action with respect to the claims for 1975 and 1977. Petitioners took no further action with respect to any of the claims. In December 1981, petitioner filed with respondent a Form 1040 for each of the years 1979 and 1980. However, these Forms 1040 did not constitute income tax returns [3] because they contained only petitioner's signature, notations that petitioner objected to furnishing any further information under the 1st, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th, and 16th Amendments, and certain other Porth-type statements to the effect that petitioner did not understand the return forms but was willing to complete them if he could do so without waiving his constitutional rights. By letters *133 dated January 15, 1982, respondents' director advised petitioner that the Forms 1040 for 1979 and 1980 could not be accepted as returns because they did not contain sufficient information.
On February 5, 1982 petitioner again filed a Form 1040 for each of the years 1979 and 1980 on which he disclosed his name and address as well as the names of his wife and children but he objected to reporting any income from dividends, interest, or businesses on "the grounds of self-incrimination." In a covering letter to the Forms 1040 for 1979 and 1980 he stated that such information was not being disclosed because "it could furnish a link in a chain of evidence needed to prosecute me for a non-tax crime, and therefore it would tend to incriminate me." On April 10, 1982, petitioner filed a similar Form 1040 for 1981. None of the Forms 1040 contained sufficient information from which the amount of petitioner's income or the amount of income tax due could be computed. During 1982, 1983 and 1984, respondent made several attempts to obtain from petitioners any records *134 which they had with respect to their income for 1979 through 1981.Petitioners repeatedly refused to provide any such records unless they were first given a letter from respondent's district counsel stating that petitioners were not under criminal investigation by either respondent or the Department of Justice for the years 1979 through 1981. Respondent never gave any such assurances, and petitioners never provided any records. Without access to any records of petitioners and being unable to locate any third party documents such as Forms W-2 indicating their income for 1979, 1980 and 1981 respondent turned to the Consumer Price Index for the United States and the $34,466.23 of income reported on their joint return for 1978 as having been received from Fredrick's plumbing business. Using the 1978 income from the plumbing business and the Consumer Price Index applicable to 1979, 1980 and 1981, respondent determined that petitioners had unreported taxable income of $38,347.13 in 1979, $43,554.67 in 1980, and $48,032.09 in 1981. On brief respondent conceded that all of the income was community property under Nev. Rev. Stat., sections 123.220 and 123.225, and *135 consequently one-half is taxable to Fredrick and the other half to Monica and that appropriate adjustments will have to be made under Rule 155. OPINION Unreported Income
Since petitioners refused to provide respondent with any books or records, respondent was authorized by section 446 to compute their income by any method that, in his opinion, clearly reflected such income. See Sutherland v. Commissioner,32 T.C. 862 (1959); Moore v. Commissioner,722 F.2d 193, 195 (5th Cir. 1984), affg. a Memorandum Opinion of this Court; Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). In such cases respondent has great latitude in adopting a method for reconstructing the taxpayer's income, Giddio v. Commissioner,54 T.C. 1530, 1533 (1970), and the reconstruction need only be reasonable in light of all surrounding facts and circumstances. Schroeder v.Commissioner,40 T.C. 30, 33 (1963). Petitioners have the burden of proving that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). This is true even though they may have had *136 a constitutional right not to disclose their records. This purported constitutional right does not relieve them of the burden of proof. In several cases the use by respondent of the Consumer Price Index to determine a taxpayer's income has been approved. See, e.g., Moore v. Commissioner,supra;Edwards v. Commissioner,supra. At trial petitioners failed to come forward with any evidence indicating that respondent's use of such index in this case produced an incorrect result. Even though respondent's counsel assured the Court and petitioners that they were not under criminal investigation at that time for any of the years at issue, petitioners refused to produce any records which tended to show Fredrick's earnings were less than those determined by respondent. Their only argument in this respect was that respondent should have used the Consumer Price Index for Nevada rather than the Consumer Price Index for the United States. They offered no proof, however, that such substitution would have produced a result more favorable to petitioners. Therefore, respondent's determination of petitioners' taxable income is sustained with the exception *137 of respondent's concession that adjustments will be made because all of Fredrick's earnings are community property and taxable one-half to him and one-half to Mrs. Smith. Additions to Tax for Fraud, or in the Alternative, for Failure to File and/or Negligence
Respondent contends that Fredrick is liable for the addition to tax for fraud under section 6653(b) for each of the years 1979, 1980 and 1981. On this issue respondent has the burden of proving by clear and convincing evidence that there was some underpayment in each year and that some part of the underpayment for each year was due to fraud. Section 7454(a); Rule 142(b). The burden is met if it is shown by such evidence that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. Commissioner,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). The presence or absence of fraud is a question *138 of fact to be determined from the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978).Fraud is never presumed but must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85 (1970). It may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available.However, his entire course of conduct may be examined to determine whether the fraudulent intent is present. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). In this case, respondent points to three acts as being evidence of Fredrick's fraudulent intent. First, he failed to file returns for 1979, 1980 and 1981 because his Forms 1040 did not constitute income tax returns. United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982). Secondly, Fredrick failed to cooperate with respondent's agents and refused to turn over his records. *139 Thirdly, he filed protester-type claims for refund for 1974 through 1978. Fredrick's failure to file returns, standing alone, is not sufficient proof to establish the necessary intent. Kotmair v. Commissioner, 86 T.C.     (1986), and the cases cited therein. And we do not find that the other two acts, when added to the failure to file, clearly and convincingly establish such intent. We believe that petitioner's refusal to cooperate arose from a genuine concern that he was being criminally investigated, rather than from an intent to evade taxes. Furthermore, we do not think petitioner's earlier actions as a tax protester are convincing evidence of fraudulent intent in a later year. We conclude, therefore, that on this record we cannot find that respondent has carried his burden of proving by clear and convincing evidence that the required fraudulent intent was present and his determination that the addition to tax for fraud under section 6653(b) is not sustained. In the alternative respondent contends that if Fredrick is not liable for the addition to tax under section 6653(b), both petitioners are liable for the addition to tax for failing to file returns under section *140 6651(a) and the addition to tax for negligence under section 6653(a). The addition to tax under section 6651(a) is properly imposed whenever a taxpayer fails to file a timely return unless such failure is due to reasonable cause and not to willful neglect. The addition to tax under section 6653(a) is properly imposed when an underpayment of tax is due to the taxpayer's negligence or intentional disregard of rules or regulations. In this Court, the burden of proof with respect to both of these additions to tax is upon petitioners. For the reasons set forth below, we find on this record that petitioners have failed to carry their burden. It is undisputed that petitioners intentionally failed to file returns and to pay their taxes. Petitioners' only excuse for such failures is that the fifth amendment protected them from filing returns. However, petitioners may not rely on the fifth amendment to insulate them from their obligations to file a return stating at least the amount of their income and to pay the taxes thereon. See Garner v. United States,424 U.S. 648, 650 (1976); United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978); McCaskill v. Commissioner,77 T.C. 689, 698 n.7 (1981). *141 We conclude, therefore, that petitioners are liable for the additions to tax under sections 6651(a) and 6653(a)(1) and (2). Additions to Tax for Estimated Tax Payments
Respondent's determination in the notice of deficiency that petitioners are liable for additions to tax under section 6654 is presumptively correct and petitioners have the burden of proof. Since they have offered no evidence on this issue respondent's determination is sustained. Welch v. Helvering,supra; Rule 142(a). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, during the years in issue unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
2. On brief respondent conceded that Monica R. Smith is not liable for the addition to tax under section 6653(b).↩
3. United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824↩ (1970).