T.C. Memo. 1997-26

UNITED STATES TAX COURT

STEPHEN P. AND SHARON L. SHERWOOD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16795-95.                    Filed January 15, 1997.

Stephen P. Sherwood, pro se.

<u>Franklin R. Hise</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]   Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes, additions to tax, and penalties for the years 1991, 1992, and 1993 as follows:

Petitioner husband:

| | | Additions to Tax | | Penalty |
|-----|------------|----------------|----------------|----------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(f) | Sec. 6663(a) |
| 1991 | $4,718 | $100 | -- | $3,538 |
| 1992 | 5,419 | -- | $430 | -- |
| 1993 | 4,707 | -- | 124 | -- |

Petitioner wife:

| | | Additions to Tax | | Penalty |
|-----|------------|----------------|----------------|----------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(f) | Sec. 6663(a) |
| 1991 | $4,713 | $100 | -- | $3,535 |
| 1992 | 5,394 | -- | $411 | -- |
| 1993 | 4,707 | -- | 124 | -- |

The issues for decision are: (1) Whether petitioners failed to report income in amounts determined by respondent for the years 1991, 1992, and 1993; (2) whether petitioners are liable for the section 6651(a)(1) addition to tax for 1991; (3) whether petitioners are liable for the section 6651(f) additions to tax for 1992 and 1993 for failure to file due to willful intent to evade income taxes; (4) whether, in the event it is decided that the failure to timely file was not due to willful intent to evade income taxes, petitioners are liable for the delinquency penalty under section 6651(a)(1) for 1992 and 1993; (5) whether petitioners are liable for the section 6663(a) fraud penalty for 1991; and (6) whether, in the event it is decided the

underpayment for 1991 was not due to fraud, petitioners are liable for the accuracy-related penalty under section 6662.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in Round Rock, Texas, on the date the petition was filed in this case.

Since the time they were married in 1962 and until the years here in issue, petitioners had filed joint Federal income tax returns and paid tax on their community income. As a result of conversations with friends and their own limited research in constitutional and tax law, petitioners concluded that they were not citizens of the United States and were not therefore subject to the tax laws applicable to United States citizens. Relying upon this conclusion, petitioners each filed Forms 1040-NR as non-resident aliens for the tax years at issue, since Form 1040-NR requires the filing of separate returns for married couples. Separate deficiency notices were issued by respondent to each petitioner.

The first issue for decision is whether petitioners failed to report income in an amount determined by respondent.

The determinations of respondent in the statutory notice of deficiency are presumed to be correct, and petitioners bear the burden of proving that respondent erred in her determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61(a) includes as gross income all income from whatever source derived including, but not limited to, compensation for services and interest. Sec. 61(a)(1), (4). At trial, petitioner husband acknowledged the receipt of all items of unreported income determined by respondent for the tax years at issue. In doing so, it became apparent that petitioners' erroneous interpretation of the Internal Revenue Code and claim of foreign citizenship were the only arguments which they were interested in presenting.

We will not address petitioners' tax-protester ramblings which were presented at trial. As was stated by the Court of Appeals for the Fifth Circuit, "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Since petitioners have presented no meritorious arguments disputing respondent's proposed deficiencies, we sustain respondent's determinations of deficiencies in petitioners' 1991, 1992, and 1993 Federal income taxes.

The second issue for decision is whether petitioners are liable for the section 6651(a)(1) addition to tax for 1991.

Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file a

return, up to 25 percent in the aggregate.  The addition to tax is imposed on the net amount due, calculated by reducing the amount required to be shown as tax on the return by any part of the tax which is paid on or before the date prescribed for payment of the tax.  Sec. 6651(b)(1).  The flush language of section 6651(a) provides that in the case of a failure to file within 60 days of the date prescribed for the filing of such return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, the addition to tax under section 6651(a)(1) shall not be less than the lesser of $100 or 100 percent of the amount required to be shown as tax on such return.  See Patronik-Holder v. Commissioner, 100 T.C. 374, 379- 381 (1993).

Petitioners bear the burden of proving that respondent's determinations that they were negligent are incorrect.  Rule 142(a); Cluck v. Commissioner, 105 T.C. 324, 339 (1995). Petitioners' 1991 Federal income tax returns were due on April 15, 1992.  Sec. 6072(a); sec. 1.6072-1(a), Income Tax Regs. Respondent contends that petitioners' submission of Forms 1040-NR constituted a filing of their 1991 Federal income tax returns on July 18, 1992.  Petitioners have not offered any evidence to show that their delay in filing their 1991 return was due to reasonable cause rather than their willful neglect.  Accordingly, respondent's determinations that petitioners are each liable for a $100 addition to tax under section 6651(a)(1) are sustained.

The third and fourth issues for decision are whether petitioners are liable for the section 6651(f) addition to tax for 1992 and 1993. Respondent determined in the alternative that the section 6651(a)(1) addition to tax would apply in the event it was decided that the failure to file was not fraudulent. As noted infra, respondent bears the burden of proving fraud issues by clear and convincing evidence. Section 7454(a); Rule 142(b).

Section 6651(f) provides that the section 6651(a)(1) addition to tax shall be increased to 15 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file a return, up to 75 percent in the aggregate, where such failure to file is fraudulent.

It would be repetitive to discuss the reasons why we are unconvinced that petitioners acted fraudulently in failing to file their 1992 and 1993 returns as the reasons enumerated infra in regard to the 1991 fraud penalty are similarly relevant for these taxable years. However, we must still address respondent's alternative determination that petitioners are liable for the section 6651(a)(1) addition to tax for 1992 and 1993.

Irrespective of the fact that respondent has taken an inconsistent position with regard to petitioners' Forms 1040-NR,[2]

---

[2] For 1991, respondent accepted petitioners' Forms 1040-NR as a filing of a return. However, for 1992 and 1993, respondent determined that these Forms 1040-NR did not constitute a filing.

respondent's determinations that petitioners failed to file sufficient tax returns are presumed to be correct and petitioners bear the burden of proving her determinations erroneous. Rule 142(a); Cluck v. Commissioner, supra at 339.

Section 6011(a) requires all taxpayers to make a return or statement according to the forms and regulations prescribed by the Secretary. A document constitutes a valid return if it contains sufficient data from which respondent can compute and assess a tax liability. McCaskill v. Commissioner, 77 T.C. 689, 696-697 (1981).

Respondent's position is that petitioners' submitted Forms 1040-NR for 1992 and 1993 do not constitute valid income tax returns. We agree with respondent. Petitioners have not proven that the Forms 1040-NR sufficiently listed items of gross income, deductions, or calculations of taxes by which their proper tax liability could be ascertained. The attachment of Forms W-2 does not substitute for information required to be shown on the returns. See Beard v. Commissioner, 82 T.C. 766, 779 (1984).

As was the case with their failure to file a timely return for 1991, petitioners have not shown that such failure was due to reasonable cause. Therefore, respondent's determinations that petitioners are liable for the section 6651(a)(1) addition to tax for 1992 and 1993 are sustained.

The fifth issue for decision is whether petitioners are liable for the section 6663(a) fraud penalty for 1991. In her

deficiency notice, respondent determined that the section 6662(a) accuracy-related penalty would apply in the event it was decided that the underpayment was not due to fraud. A prerequisite to the applicability of sections 6662 and 6663 is that a return of tax, other than one prepared by respondent pursuant to section 6020(b), is filed. Sec. 6664(b); Clayton v. Commissioner, 102 T.C. 632, 652-653 (1994).

Section 6663(b) provides that if respondent establishes that any part of any underpayment of tax required to be shown on a return is due to fraud, the entire underpayment is treated as attributable to fraud and subjected to a 75-percent penalty unless the taxpayer establishes that some part of the underpayment is not attributable to fraud. Respondent bears the burden to prove by clear and convincing evidence an underpayment for each year and that some part of the underpayment for each year was due to fraud. Section 7454(a); Rule 142(b); Clayton v. Commissioner, supra at 646.

Fraud is established by proving that a taxpayer intended to evade tax believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax. Clayton v. Commissioner, supra at 647. Direct evidence of the requisite fraudulent intent is seldom available, but fraud may be proved by examining circumstantial evidence indicative of the taxpayer's motives. Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). Over the years, courts have developed various factors,

or "badges", which tend to establish the existence of fraud.  See Clayton v. Commissioner, supra at 647.

Respondent argues that petitioners were fully aware of their obligation to pay Federal income tax on their income for the years at issue since they paid tax on the same type of income in previous years.  Respondent contends that petitioners' underpayment for 1991 is attributable to a fraudulent procurement of a refund of withheld taxes.  Respondent further asserts that petitioners' omission of Social Security numbers on the submitted Forms 1040-NR was intended to mislead respondent.

We find that the badges of fraud are not sufficiently present in the facts of this case.  First, petitioners filed what they believed, albeit erroneously, to be the proper forms.  We note that respondent accepted these forms as a valid filing and continues to rely upon such acceptance as a basis for the section 6651(a) failure to file addition to tax for 1991.  Second, petitioner husband did not attempt to stop the withholding of taxes from his paychecks.  Third, petitioner husband's omission of his Social Security number from his Form 1040-NR does not amount to concealment since it was listed on his submitted Form W-2.  If his intent was to conceal this information, he would not have disclosed it to respondent in this way.  We recognize that, absent respondent's acceptance of this Form 1040-NR, the mere attachment of a Form W-2 would not remedy a form which was otherwise invalid for lack of sufficient information by which tax

liability could be calculated.  Beard v. Commissioner, supra at 779.  However, noncompliance does not amount to concealment on these facts.  Fourth, petitioners maintained continuous correspondence with respondent in regard to their case.  The facts do not clearly show that petitioners intended to mislead respondent or conceal their tax liability.  Rather, the facts show that they erroneously believed that they did not owe any tax.  As this Court has previously stated, these types of arguments "may have been meritless, frivolous, wrongheaded, and even stupid, but we cannot hold that they amounted to fraud without something more.  Were we to do so, every [tax] protester case would be automatically converted into a fraud case."  Kotmair v. Commissioner, 86 T.C. 1253, 1262 (1986).  We will, however, address below the consequences of pursuing such erroneous beliefs before this Court.

The sixth issue for decision is whether petitioners are liable in the alternative for the section 6662(a) accuracy-related penalty for 1991.  Respondent's determinations are presumed to be correct, and petitioners bear the burden of proving that the penalties do not apply.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

Section 6662(a) imposes a 20-percent penalty on the portion of the underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations.

"Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

We find that petitioners have failed to prove that they were not negligent in their underpayment of tax. Although petitioners blame respondent for their lack of knowledge, the rules and regulations concerning their proper tax liability are readily available to the public through various sources. Therefore, we hold that petitioners are liable for the section 6662(a) accuracy-related penalty for 1991.

We will next determine whether this Court should impose sanctions upon petitioners pursuant to section 6673.

Whenever it appears to this Court that the taxpayer's position in a proceeding before it is frivolous or groundless the Court, in its discretion, may require the taxpayer to pay to the United States a penalty not in excess of $25,000. Sec. 6673(a)(1)(B). A proceeding in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Sanctions are properly imposed when the taxpayer knew or should have known that

his claim or argument was frivolous.  Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987).

In response to the Court's questions the following evidence was introduced at trial:

> (The Court)  Q  Are you aware of the provisions of section 6673 of the Internal Revenue Code, the damages provision?
>
> (Petitioner) A  I am.
>
> (The Court)  Q  And are you aware of the many cases that have addressed themselves to various and sundry tax protestor arguments?
> (Petitioner) A  Your Honor, [respondent's] Counsel has stated that I am a tax protestor, which is a conclusion that has yet to be proved.

After painstakingly listening to petitioners' groundless arguments at trial and reading through the same in their briefs, we conclude that petitioners are indeed tax protesters. Petitioners' arguments include tax protester rhetoric and legalistic gibberish, which they should have known are frivolous under established law.  Petitioners' frivolous "position" (within the meaning of section 6673(a)(1)(B)) is that wages are immune from tax.

In view of the foregoing, we will sua sponte exercise our discretion under section 6673(a)(1) and require each petitioner to pay a penalty to the United States in the amount of $2,500.

To reflect the foregoing,

Decision will be entered

under Rule 155.