ROBERT W. UNSER AND NORMA A. UNSER, PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT
ROBERT W. UNSER, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5920–70, 5921–70. Filed January 8, 1973.

*James M. Parker*, for the petitioners.
*Charles H. Powers*, for the respondent.

### OPINION

SCOTT, *Judge:* Respondent determined a deficiency in the income tax of Robert W. Unser for the calendar year 1966 in the amount of $824.14 and determined deficiencies in the income taxes of Robert W. and Norma A. Unser for the calendar years 1967 and 1968 in the amounts of $2,057.92 and $967.11, respectively.

The issue for decision is whether in computing taxable income for the years 1966, 1967, and 1968 under the income-averaging provisions of sections 1301 through 1305, I.R.C. 1954,[1] petitioners are required to use the correct amount of the taxable income for a base period year where that amount exceeds the amount of income reported on peti-

---

[3] See sec. 1.165–8(e), Income Tax Regs.
[1] All references are to the Internal Revenue Code of 1954.

tioners' return for such year even though assessment of a deficiency for the base period year is barred by the provisions of section 6501(a).

All of the facts have been stipulated and are found accordingly.

Robert W. and Norma A. Unser, husband and wife, resided in Albuquerque, N. Mex., at the time their petition in this case was filed. Robert W. Unser (hereinafter referred to as Robert) filed his Federal income tax return for the calendar year 1966 with the district director of internal revenue at Albuquerque, N. Mex. Robert W. and Norma A. Unser filed their joint Federal income tax returns for the calendar years 1967 and 1968 with the district director of internal revenue at Albuquerque, N. Mex.

When respondent's agent audited the return of Robert for the year 1966 and the joint returns of petitioners for the years 1967 and 1968, the income and expenses of Robert Unser, Inc., a corporation, were allocated to Robert under the provisions of section 482. This adjustment was agreed to by petitioners and assessment of the resulting deficiencies was made for the years 1966, 1967, and 1968.

Robert Unser, Inc., commenced operations as of August 1, 1965. Even though Robert Unser, Inc., had income for the calendar year 1965 which had not been reported by Robert on his return for that year, respondent did not determine a deficiency in Robert's income tax for 1965 because the provisions of section 6501 barred the assessment of any deficiency against Robert for the year 1965.

Petitioners are entitled to the benefit of income averaging under the provisions of sections 1301 through 1305 for the years 1966, 1967, and 1968.

Respondent in his notice of deficiency to Robert for the year 1966 and to petitioners for the years 1967 and 1968, computed petitioners' base period income for the purposes of the income-averaging provisions of sections 1301 through 1305 by including in Robert's adjusted gross income for 1965 the income and expenses of Robert Unser, Inc., for that year. Petitioners agree that this is a proper adjustment to Robert's 1965 income as reported but contend that this corrected income should not be used as the base period income for the year 1965 in computing the taxable income of petitioners for the years 1966, 1967, and 1968 under the provisions of sections 1301 through 1305 since respondent is barred by section 6501 from assessing any deficiency against Robert for the year 1965.

Section 6214(b) provides that in redetermining a deficiency in income tax for any taxable year this Court shall consider such facts with relation to the taxes for other years as may be necessary to redetermine the amount of the deficiency for the year in issue, but shall not have jurisdiction to determine whether or not the tax for any year not in issue has been overpaid or underpaid.

In *ABKCO Industries, Inc.*, 56 T.C. 1083, 1089 (1971), on appeal (C.A. 3, Jan. 28, 1972), we held that under the provisions of section 6214(b) it was proper for a taxpayer's income to be recomputed for a period for which assessment of a deficiency was barred by the statute of limitations in order to determine the proper amount of net operating loss carryback deduction available for use in an open year.

Respondent contends that the principle announced in the *ABKCO Industries* case is applicable in the instant case While we recognize that the factual situation in *ABKCO Industries, Inc.*, differs from that here, we agree with respondent that in this case, as in the *ABKCO Industries* case, we are being asked to consider facts with respect to a prior year only for the purpose of correctly determining the amount of deficiency for the year in issue. To that extent, our holding in *ABKCO Industries, Inc.*, supports respondent's contention in this case. In our view we may consider facts with respect to Robert's taxable year 1965 in order to correctly determine the proper taxes of petitioners for the years 1966, 1967, and 1968 as computed under sections 1301 through 1305.

We must therefore determine whether the "taxable income" for the base period years as used in the provisions of sections 1301 through 1305 refers to the income of a taxpayer as previously reported on the taxpayer's return where an assessment of a deficiency or a refund of an overpayment is barred by the statute of limitations or refers to the proper taxable income of the taxpayer for that base period year. Section 1302(c)(2) defines the base period income for any taxable year as "the taxable income for such year" increased and reduced in a manner not here pertinent. Since the statute uses the phrase "the taxable income of such year" as distinguished from "the income as reported" or the "income as previously determined," the inference is clear that the income to be used for each base period year is the correct income for such year whether or not the assessment of a deficiency or the refund of an overpayment for such base period year is barred by the statute of limitations. See *Leonard Refineries, Inc.*, 11 T.C. 1000, 1006 (1948), and cases there cited in which we held comparable language with respect to base period net income in a statute dealing with World War II excess profits tax to require that the correct income for each base period year be used in computing average base period net income even though such correct income differed from the income as previously reported or determined.

Petitioners' major contention is that the income-averaging provisions of the Code in effect require a recomputation of a taxpayer's income tax in each of the 4 base period years, and therefore, any corrections of income for such base period years in which assessment of a deficiency is barred should not be made. The underlying premise of

petitioners' contention is not supported by the statutory provisions applicable to the years here in issue. Sections 1301 through 1305 as applicable to the years here in issue were added to the Code by the Revenue Act of 1964, Pub. L. 88-272, 78 Stat. 19. One of the reasons for the changes made from preexisting law in the 1964 Act as stated in the report of the House committee (H. Rept. No. 749, 88th Cong., 1st Sess. (1963), 1964-1 C.B. (Part 2) 234) was:

The present [pre-1964] averaging provisions also have proved unduly complicated in practice because of the requirement that the prior years incomes and taxes must be recomputed as if the income had actually been received in those prior years.

The 1964 Act completely altered the method of income averaging which had been provided for under the prior law. The method provided for in the 1964 Act was to tax the "averagable income" for the current taxable year at a rate lower than the rate which otherwise would apply to such income. In *Fabian Tebon, Jr.*, 55 T.C. 410, 411 (1970), we made the following statement with respect to the income-averaging provisions of the 1964 Act:

The averaging provisions were enacted in 1964 for the purpose of mitigating the harsh effect of a progressive tax rate structure upon taxpayers having widely fluctuating or rapidly increasing incomes.[2] Generally, these provisions allow the excess of the current year's taxable income (adjusted as provided in section 1302(b)) over 133⅓ percent of the average taxable income of the prior 4 years (adjusted as provided in section 1302(c)(2)) to be taxed at lower than usual rates. Such excess, referred to in the statute as "averagable income," is taxed at bracket rates provided for the first 20 percent of such income. * * * [Fn. omitted.]

There is, in our view, no validity to petitioners' contention that the income-averaging provisions applicable to the years here in issue require a recomputation of a taxpayer's income tax in each of the base period years.

We hold that petitioners are required to use the correct taxable income of Robert for his taxable year 1965 for the purpose of computing the average base period net income in determining their averagable income for the years 1966, 1967, and 1968.

*Decisions will be entered for respondent.*