MARK P. BINSTEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Binstein v. Commissioner
Docket No. 2927-68.
United States Tax Court
T.C. Memo 1973-100; 1973 Tax Ct. Memo LEXIS 188; 32 T.C.M. (CCH) 450; T.C.M. (RIA) 73100; April 25, 1973, Filed *188 Mark P. Binstein, pro se. George J. Mendelson, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies and additions to tax against the petitioner: 2 Additions to Tax Taxable Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a) 1963
$8,163.70
$2,438.66
$ 487.73
1965
7,286.45
1966
5,095.93
After the trial of this case the parties agreed to a basis of settlement on all but one of the substantive issues. The settlement is reflected in a stipulation filed with the Court on February 14, 1973. The only issue that needs to be resolved is whether income averaging is properly available to the petitioner for the taxable years 1965 and 1966. Petitioner testified rather generally as to the approximate amount of income he earned in 1961, the source of that income and the deductions taken on the Federal income tax return he claims he filed for that year. It happens to be one of the necessary base years for a computation of tax due for 1965. He *189 further stated that his returns for the years 1960 and 1961 were audited by an unknown agent in respondent's local office in New Brunswick, New Jersey. Unfortunately, the petitioner has no records pertaining to the taxable year 1961 and he has no retained copy of his income tax return for that year. 3 Respondent has no record of an income tax return filed by the petitioner and his former wife for the year 1961. Respondent's counsel caused a search to be made of the Microfilm Retention Tapes of Transcripts of Account under petitioner's name and Social Security number and under the name and Social Security number of petitioner's former wife for the year 1961 in the New Jersey, Manhattan and Brooklyn Districts. Petitioner's residence in 1961 was in Carteret, New Jersey. He was employed in Manhattan. That search revealed no record of a return or of debits or credits to an account under either name or Social Security number for the year 1961. Respondent has no existing records which can veryify that an audit of petitioner's alleged 1961 income tax return was performed. There is a reference in workpapers attached to petitioner's 1962 income tax return indicating that a prior *190 audit was performed but no indication as to the year or years involved. With respect to the year 1964, which is a necessary base year for averaging computations for the taxable years 1965 and 1966, petitioner testified as to the source and approximate amount of income earned and the deductions claimed. He had no records pertaining to the taxable year 1964 and he has no retained copy of his 1964 return. Respondent's Microfilm Retention Tapes indicate that a timely return was filed for that year showing that there was a 4 liability of $306.20, that a withholding credit in the amount of $678.40 was available, that an estimated tax credit in the amount of $152.50 was available and that the net of $524.70 was refunded to the petitioner on May 26, 1965. Petitioner's tax return for the year 1964 has been destroyed pursuant to respondent's normal destruction cycle. It is respondent's position that income averaging is not properly available to the petitioner in computing his tax liability for the years 1965 and 1966 because there is no evidence of a return having been filed for 1961 and there is insufficient information from which to ascertain petitioner's correct base period income *191 for the years 1961 and 1964. In order for this Court to compute petitioner's tax liability for the taxable year 1965 on the basis of allowing income averaging, we must first determine petitioner's correct base period income for the years 1961 and 1964. The income-averaging rules for computation years beginning before 1970 are very complex and precise. The starting point for base period income is "adjusted taxable income," an amount which cannot be ascertained for the years 1961 and 1964 from the information presently available. Petitioner's testimony as to what he thought his income and deductions were is simply too vague. Moreover, respondent's records contain no record of a return 5 having been filed or of payments or credits having been made under petitioner's name or Social Security number for the year 1961. As to the petitioner's tax liability for the taxable year 1966, the identical difficulty obtains as far as information relative to the 1964 base period income. This Court has held that, although a taxable year may be closed by the statute of limitations with respect to a determination of a deficiency, the respondent may audit such a closed year and increase *192 taxable income for the purpose of effecting a subsequent income averaging computation. Robert W. Unser, 59 T.C. No. 50 (1973). Absent any original return, retained copy or supporting records, it is difficult to determine, much less audit, the income and deductions of the petitioner for 1961 and 1964. This difficulty is enhanced by the nature of the adjustments required to be made to taxable income in order to arrive at base period income for the years 1961 and 1964. Net capital gain income has to be eliminated from taxable income to determine base period income for 1961 and 1964. Section 1302(b), Internal Revenue Code of 1954, prior to Amendment by P.L. 91-172. Given the petitioner's history of involvement in the stock market, any determination of base period income absent any records is virtually impossible. 6 We suffer from the same disability as the respondent in trying to determine, with any reasonable degree of certainty, the petitioner's base period income for the years 1961 and 1964. Petitioner has the burden of showing the availability of income averaging and to provide the precise data necessary for the computations. We are *193 compelled, albeit reluctantly, to conclude that he has failed to establish his base period income for 1961 and 1964. Accordingly, he cannot properly utilize the income averaging provisions of the Code for the years 1965 and 1966. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩