JAMES M. HILL, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 1790-78.
United States Tax Court
T.C. Memo 1979-133; 1979 Tax Ct. Memo LEXIS 390; 38 T.C.M. (CCH) 595; T.C.M. (RIA) 79133; April 9, 1979, Filed *390 Held, petitioner is not entitled to use the income averaging provisions for computing his 1976 income tax under secs. 1301-1305, I.R.C. 1954. James M. Hill, Jr., pro se. Joel V. Williamson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $249 in petitioner's 1976 Federal income tax. The sole issue is whether petitioner is entitled to use the income averaging provisions for computing his 1976 income tax. FINDINGS OF FACT Some of the facts were stipulated and are found accordingly. James M. Hill, Jr., resided in Institute, West Virginia, when he timely filed his 1975 and 1976 income tax returns with the Internal Revenue Service Center, Mephis, Tennessee, and when he filed his petition in this case. Petitioner did not *391 file returns for the years 1972, 1973 and 1974. From 1972 through 1975, petitioner was a full-time student at West Virginia State College, Institute, West Virginia. During this time he received educational GI benefits from the Veterans' Administration which were not taxable to him. Petitioner is an artist and while attending school supplemented his GI benefits by selling his paintings and by performing odd construction jobs. At the time of trial he had no records of the income he earned from 1972 through 1974 from such activities. In 1976, petitioner filed his return as a single taxpayer and computed his income tax by using the income averaging provisions under sections 1301 through 1305. [1] On Schedule G, the income averaging worksheet form, petitioner reflected zero taxable income for the years 1972 through 1974. In his notice of deficiency, respondent claimed petitioner had not established that he was entitled to income averaging for taxable year 1976. OPINION We must determine whether petitioner is entitled to income averaging for computing his 1976 income tax. Sections 1301 through *392 1305 provide income averaging relief to an eligible individual whose taxable income for the year in which averaging is elected (referred to as the computation year) exceeds 120 percent of his average taxable income in the four preceding years (referred to as base period years) for tax computation purposes. If so, the taxpayer is entitled to be taxed in the computation year at lower graduated rates. The taxpayer has the burden of proving he is entitled to such relief. Sharvy v. Commissioner,67 T.C. 630, 634 (1977); Frost v. Commissioner,61 T.C. 488, 492 (1974). Respondent's primary contention is that since petitioner cannot establish his income for the base period years 1972 through 1974, he is not entitled to compute his income tax for 1976 using the income averaging provisions. Petitioner claims that because he owed no tax for years 1972 through 1974, he was not required to file returns, and, accordingly, was not required to keep a record of the income he earned during that time. Since petitioner has failed to prove he is entitled to income averaging, we hold for respondent. Petitioner's claim that he was not required to maintain records *393 of his income during the years he may not have been required to file a return is not relevant to his eligibility for income averaging. He testified that his GI benefits were supplemented by income he earned from selling his paintings and performing odd construction jobs. He clearly had income during the base period years 1972 through 1974 which may or may not have been taxable to him. No documentary evidence was presented by petitioner showing his income for the base period years. He merely provided oral estimates of his income which were too vague and simply insufficient. By availing himself of the income averaging relief provisions, petitioner has the burden of showing his correct taxable income for those years even if it was zero and not shown on any returns. Unser v. Commissioner,59 T.C. 528, 531 (1973). Petitioner has not done this. Therefore, he is not entitled to use the income averaging provisions for computing his 1976 income tax. To reflect the foregoing Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩