ZENON J. RACZKOWSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raczkowski v. Commissioner
Docket No. 11463-82.
United States Tax Court
T.C. Memo 1984-146; 1984 Tax Ct. Memo LEXIS 524; 47 T.C.M. (CCH) 1347; T.C.M. (RIA) 84146; March 26, 1984. Zenon J. Raczkowski, pro se. William F. Garrow, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additins to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1975
$4,256
$1,064
$213
$184
1976
4,130
1,033
207
154
1977
5,057
1,264
253
180
1978
4,742
1,186
237
152
1979
6,212
1,553
311
260
1980
8,206
2,052
410
524
*525 The petition and other pretrial filings, petitioner's presentation at trial, and his posttrial brief all contain frivolous tax protest arguments. Nonetheless, at the time of trial the parties orally stipulated to certain adjustments to the income determined by respondent, and petitioner presented testimony in support of his claims to additional adjustments to income and deductions for the years in issue. Petitioner also contends that he is entitled to use income averaging to determine his tax for the years in issue. FINDINGS OF FACT Petitioner resided in Boulder, Colorado, at the time he filed his petition herein. Petitioner did not file Federal income tax returns for the years in issue. Although he claims that he filed a return for 1974, he has no retained copy; and respondent's records indicate that no return was filed by him for that year. Prior to and during the years in issue, petitioner engaged in various occupations, sometimes as a proprietor or independent contractor and sometimes as the employee of others. *526 During the years in issue, petitioner provided support for his wife, Kathleen Raczkowski, and through 1978 he provided support for their minor daughter, Kathy. As orally stipulated by the parties, petitioner earned income and incurred deductible expenses during the years in issue as follows: Year
Income
Itemized Deductions
1975
$15,000
$2,435.39
1976
5,485
2,775.88
1977
2,962.19
1978
2,693.65
1979
12,315
2,510.36
1980
5,202
2,646.33
Respondent determined that petitioner had gross income of $17,713 in 1977 and $18,791 in 1978, basing that determination upon the now agreed gross income of $15,000 for 1976, increased in accordance with the Consumer Price Index published for those years. During 1977, petitioner was employed by two employers and earned not less than $13,057 from that employment. During the years 1975, 1976, 1977, and 1980, petitioner used his automobile in relation to his income-producing activities. He did not, however, maintain any records of the amount of business mileage driven or of his automobile expenses. OPINION A statutory notice of deficiency is ordinarily presumed correct, and petitioner has the burden *527 of persuading us that it is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has presented no documentary evidence or independent corroborating testimony to support his various assertions. Although he and his wife testified, their testimony was vague and was based upon estimates and admittedly poor recollection. Neither by cross-examination during trial nor in his brief has respondent raised any dispute as to petitioner's claim that he is entitled to dependency deductions for his wife and his daughter, Kathy. The testimony of Mrs. Raczkowski, however, is unclear as to whether Kathy moved from the family residence in 1978 or 1979. We therefore hold that petitioner is entitled to dependency exemptions for his wife during all of the years in issue and for Kathy through 1978. At trial, petitioner testified that he had two employers during 1977 and that he earned $1,057 from one and "in the $12,000 a year range, but that's only a guess," from the other. He did not offer any testimony as to his earnings for 1978. The trial concluded on October 26, 1983. Respondent's brief was filed on December 30, 1983, and *528 petitioner's brief was filed on January 30, 1984. At the time of filing his brief, 3 months after the trial concluded, petitioner filed a Motion to Reopen the Record, in which he sought additional time and leave to secure and submit information from the Social Security Administration with respect to his reported earnings for 1977 and 1978. [2] Attached to that motion were copies of requests to the Social Security Administration dated January 9, 1984. As of the date of this opinion, no such records have been received by the Court. *529 In any event, if the records had been timely secured and presented at trial, they would not establish, standing alone, the actual income received by petitioner during 1977 or 1978. They would only reflect income reported to the Social Security Administration by the employers of petitioner. Because petitioner did not file any returns, he did not pay any self-employment tax. Petitioner's history of self-employment suggests that he may have had income from sources other than employers who reported his earnings to the Social Security Administration. Petitioner's motion comes too late and, in any event, the evidence would not be persuasive. The Motion to Reopen the Record has been denied. We conclude that petitioner has not satisfied his burden of proving that respondent's determination of gross income for 1977 and 1978 is erroneous, and respondent's determinations of those amounts must be sustained. Similarly, with respect to petitioner's claimed auto expenses, his predicament is of his own making and entitles him to little sympathy. See Schellenbarg v. Commissioner,31 T.C. 1269, 1277 (1959); Estate of Wilson v. Commissioner,2 T.C. 1059, 1086 (1943). *530 He did not keep records of his income and deductions, contrary to respondent's regulations, section 1.6001, Income Tax Regs., and he did not claim those deductions on timely filed tax returns. It does appear from his testimony, however, that he incurred local business auto expense during 1975, 1976, 1977, and 1980. Making as close an approximation as we can and bearing heavily against petitioner because the inexactitude is of his making, we determine that he is entitled to deductions for automobile expenses of $2,000 in each of the years 1975 and 1980, $1,000 in 1976, and $350 in 1977. See Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930); Gestrich v. Commissioner,74 T.C. 525, 531 (1980), affd. in an unreported decision 681 F.2d 805 (3d Cir. 1982). Petitioner contends that he is entitled to have his taxes for the years in issue computed on the basis of income averaging under sections 1301 through 1305. He has submitted copies of his income tax returns for 1972 and 1973 to be used in computation of base period income. See section 1302(b) and (c)(2). Neither he nor respondent could locate a copy of any return filed by petitioner *531 for 1974. To be eligible for income averaging as to any particular year, petitioner must establish his income during each of the 4 preceding years. Section 1.1302-2, Income Tax Regs.; see Unser v. Commissioner,59 T.C. 528 (1973). [3] Petitioner asks us to accept his generalized and self-serving testimony that he had no income during 1974. We are not bound to do so. See South Texas Rice Warehouse Co. v. Commissioner,366 F.2d 890, 898 (5th Cir. 1966), affg. 43 T.C. 540 (1965). Although his returns for 1972 and 1973 reported no income, and respondent has not challenged those returns, petitioner has now agreed that he had gross income of $15,000 for 1975. We cannot determine from the evidence when petitioner commenced earning taxable income, but a logical inference would be that, when he did, he stopped filing tax returns.Petitioner has not persuaded us that his income for 1974 should be assumed to be zero for purposes of income averaging. He cannot, therefore, obtain the benefits of income averaging for any year prior to 1979. *532 Finally, petitioner contests respondent's determinations of additions to tax for failure to file returns, for negligence, and for underpayment of estimated taxes. He claims that "his actions were not wilful, but were undertaken in the good faith belief that the tax and monetary policies of the United States are contrary to the letter and spirit of the United States Constitution, and that his compliance with them would ba violation of his responsibility and duty to resist improper laws." Section 6651(a) imposes an addition to tax not exceeding 25 percent in the aggregate in the case of failure to file returns, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner's alleged disagreements with the law have so often been rejected by this and other courts that they can no longer be considered to be made in "good faith." In any event, frivolous objections such as those raised by petitioner, e.g., that his income is the result of an "equal exchange" and that Federal reserve notes are not "money," cannot be reasonable cause. See United States v. Moore,692 F.2d 95 (10th Cir. 1979, as amended 10/26/82); Cupp v. Commissioner,65 T.C. 68 (1975), *533 affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977); Jarvis v. Commissioner,78 T.C. 646 (1982). Section 6653(a) imposes a 5 percent addition to tax for negligence or willful disregard of rules and regulations. Petitioner's failure to keep records of his income and deductions is in and of itself negligence. See Schroeder v. Commissioner,40 T.C. 30, 34 (1963). Petitioner's other contentions are so lacking in merit that the addition to tax for negligence is clearly appropriate and perhaps the minimal addition that could be properly imposed. See Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983); Thompson v. Commissioner,78 T.C. 558, 563-564 (1982); Reiff v. Commissioner,77 T.C. 1169, 1180-1181 (1981). The additions to tax under section 6651(a) and section 6653(a) may be cumulated if each is separately appropriate. Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 608-609 (1961), affd. 302 F.2d 42 (10th Cir. 1962), dealing with the predecessors of the two sections. Once deficiencies have been established, *534 the addition to tax under section 6654(a) for underpayment of estimated tax is mandatory unless petitioner can bring himself within certain exceptions not here applicable. Grosshandler v. Commissioner,75 T.C. 1, 21 (1980). Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Petitioner has attached to his brief affidavits purporting to substantiate additional claimed deductions. These affidavits are not and cannot be considered. See Rule 143(b), Tax Court Rules of Practice and Procedure.↩ Petitioner may have been able to convince respondent or the Court that he was entitled to additional deductions if he had complied with the Court rules and presented documentary substantiation prior to or during trial. His belated attempts, which would deny respondent the opportunity for cross-examination or independent verification, must be disregarded. To the extent that he has thus failed to establish deductions to which he would otherwise be entitled, he must bear this additional consequence of his extended folly of tax protest.
3. See also Ryza v. Commissioner,T.C. Memo. 1977-64; Binstein v. Commissioner,T.C. Memo. 1973-100↩.