JAMES E. JUNIO AND KAREN M. JUNIO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Junio v. Commissioner
Docket No. 23320-83.
United States Tax Court
T.C. Memo 1988-345; 1988 Tax Ct. Memo LEXIS 378; 55 T.C.M. (CCH) 1457; T.C.M. (RIA) 88345; August 3, 1988; As amended August 3, 1988 William L. Manuel, Darrell V. Rippy, and Leda G. Williams, for the petitioners. Elaine T. Fuller and Paul H. Weisman, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (now redesignated as section 7443A(b), Internal Revenue Code of 1986) and Rules 180 and 181, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency in petitioners' 1980 Federal income tax in the amount of $ 3,334, together with an addition to tax under section 6653(a) in the amount of $ 166.70. Respondent's sole adjustment related to the disallowance of $ 13,348.81 in 1980 of claimed charitable contributions to the Universal Life Church (ULC). Some of the facts are *379 stipulated and they are incorporated herein by reference. Petitioners were husband and wife during the years 1976 through 1980 and they were divorced during 1981. They filed a joint return for their 1980 tax year. When the petition herein was filed, they resided at Pasadena, California. Petitioners concede they are not entitled to deduct the claimed contribution to the ULC. They contend, however, that they are entitled to the benefits of income averaging in their 1980 tax year. Respondent's position is two-fold: first, he contends that petitioners are not entitled to income average where they did not elect to do so on their return, and second he contends that they should not be entitled to do so where they failed to raise the issue of income average in any pleadings in this matter. Respondent goes on to contend alternatively that if the Court determines that petitioners may utilize income averaging, respondent is entitled to recompute the taxable income in the base years for the purpose of determining averaged tax, even though the base years are closed due to the running of the statute of limitations. The facts are as follows: Petitioners were husband and wife during 1976, *380 1977, 1978, 1979 and 1980. They were divorced during 1981. Petitioners timely filed their 1980 joint Federal income tax return. Petitioners did not claim the benefits of income averaging on that return. They agree they are not entitled to deduct the charitable contribution of $ 13,348.81 allegedly paid to the ULC during 1980 which they claimed on the return. Petitioners did not raise the issue of income averaging in any pleadings filed with this Court. Not until the date set for trial herein did they raise this issue with the Court. Petitioner James E. Junio filed a joint return for 1976 [1] and single returns for 1977 and 1978. Petitioners filed a joint return for 1979. Petitioner Karen M. Junio's 1976, 1977 and 1978 tax returns have not been provided. Respondent does not stipulate to the correctness of any of these returns. We deal first with the question whether we should allow petitioners to raise, on the date set for trial, this new issue regarding income averaging. One of the factors we must consider is whether trying this new issue, raised some twenty months after the petition *381 was filed, places respondent at an unfair disadvantage. Our Rule 41(a) provides that a pleading may be amended once as a matter of courseat any time before a responsive pleading is served, and thereafter, amendment may be made by leave of court or by written consent of the adverse party. Petitioners have never requested leave of this Court to amend their petition and did not raise this new issue until the date set for trial herein. Further, respondent strongly objects to their attempt to raise new issues on the day of trial and we believe respondent's objections to be well-taken. This case does not present the situation where an issue has been tried by express or implied consent of the parties, in which event we treat the issue as if raised in the pleadings. Rule 41(b). Rather, it presents a situation in which respondent was faced, on the date of trial, not with trying the only issue known to him, the deductibility of a ULC contribution, but rather with a trial which would, in effect, require a reaudit of petitioners' four preceding tax years. We held in Cloes v. Commissioner,79 T.C. 933, 937 (1982), where petitioners sought to raise the right to income *382 average in a Rule 155 computation hearing, that if we permitted petitioners to raise the new issue of income averaging "respondent would be free to contest, any and all items of income and deduction for the base period years." See also Odend'hal v. Commissioner,80 T.C. 588 (1983), affd. 748 F.2d 908 (4th Cir. 1984), cert. denied 471 U.S. 1143 (1985); Unser v. Commissioner,59 T.C. 528 (1973). We will not, as a general rule, consider issues which have not been pleaded. Whether an issue has been properly raised depends upon whether the opposing party has been given fair notice of the matter in controversy. Rule 31(a). See Markwardt v. Commissioner,64 T.C. 989 (1975) and cases cited therein at 997. Petitioners did not, even at the date set for trial in this matter, have available for respondent copies of the tax returns for the base years. Clearly, respondent was not fairly apprised by petitioners that they had an income averaging claim. By bringing this matter up at the date set for trial, petitioners have denied respondent the opportunity to verify the accuracy of the base year returns. Further, *383 even the little information provided respondent on the date of trial raises questions. Petitioners have stipulated they were married to each other during the years 1976-1980, yet petitioner-husband filed single income tax returns for 1977 and 1978. The record contains no information as to returns filed by petitioner-wife for 1977 and 1978, a relevant subject for computation of base year income for averaging purposes. To allow a trial on the question of income averaging would cause substantial prejudice to respondent. Because we agree with respondent that petitioners should not be allowed to try the income averaging issue which they failed to plead, we find it not necessary to deal with respondent's contention that petitioners are not entitled to income average because of their failure to elect to do so on their 1980 tax return. Since petitioners have conceded that respondent's only determination in the statutory notice was correct, and because they have not addressed the imposition of the addition to tax under section 6653(a), an issue upon which they bear the burden of proof, Rule 142(a), Decision will be entered for the respondent.
Footnotes
1. The only name appearing on this return was that of petitioner James E. Junio. ↩