ALBERT P. RUSSELLO and HELEN RUSSELLO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Russello v. Commissioner
Docket No. 12301-87
United States Tax Court
T.C. Memo 1989-391; 1989 Tax Ct. Memo LEXIS 390; 57 T.C.M. (CCH) 1126; T.C.M. (RIA) 89391; July 31, 1989
Kenneth E. Mitchell, for petitioners. M. Catherine McKenna, for respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in petitioners' Federal income tax of $ 51,996.74 for 1981 and $ 8,103.50 for 1982. After concessions, the issue remaining for decision is whether Forms 872-A executed by petitioners to extend the statute of limitations on assessments for 1981 and 1982 bar the use of the correct base period adjusted income amounts in determining petitioners' eligibility for the income averaging method of computing the amounts of the deficiencies. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated by this *392 reference. Petitioners resided in San Leandro, California at the time of filing the petition herein. Petitioners were limited partners in ENI Exploration Project (hereinafter "ENI"), and oil exploration company. On their timely filed 1981 Federal income tax return petitioners reported taxable income in the amount of $ 129,338. Using income averaging to compute their tax petitioners reported their 1981 tax liability as $ 26,978. On their timely filed 1982 income tax return petitioners reported taxable income in the amount of $ 253,103. Using income averaging to compute their tax, petitioners reported their 1982 tax liability as $ 106,687. For purposes of income averaging on their 1981 and 1982 returns, petitioners reported the following amounts as base period income for the years 1977 through 1980: 1977
$ 7,206
1978
-0-
1979
-0-
1980
-0-
Subsequent to filing their 1981 return petitioners agreed to audit adjustments of their income for the years 1977, 1978, 1979 and 1980. Petitioners had taxable income, as adjusted, in the years 1977, 1978, 1979 and 1980 in the following amounts: 1977
$ 225,634
1978
$ 315,628
1979
$ 180,158
1980
$ 277,481
*393 The adjustments to petitioners' income for 1977, 1978, 1979 and 1980 related to (1) ordinary losses -- T-bills options; (2) capital gains and losses; (3) partnership income; (4) net operating loss; (5) Schedule C -- Coal Royalties expense; (6) ordinary loss -- Incomco, Inc.; and (7) itemized deductions. Petitioners had no income earned outside the United States or within United States possessions and excluded under sections 911 and 931 during 1977 through 1980. [1]
In 1985, petitioners executed a separate Form 872-A, Special Consent to Extend the Time to Assess Tax, for each of the years 1981 and 1982. In part, the Form 872-A for 1981 contained the following language, with the underlined language inserted by the preparer of the document: [The parties] consent and agree as follows: (1) The amount(s) of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1981, may be assessed [upon the happening of certain events] The Form 872-A for 1982 contained *394 identical language except for the difference in the year at issue. In addition to the form language, the Form 872-A for 1981 contained the following typed statement: The amount of any deficiency assessment is to be limited to that resulting from: (1) any carryover tax effects caused by adjustments to any prior tax return; (2) any adjustments to the partner's and or shareholder's distributive share of any item of income, gain, loss, deduction or credit of: ANY partnership(s) and or corporation(s); (3) any adjustments which effect [sic] the tax basis of the partner's and or shareholder's interest(s) in the forementioned partnership(s) and or corporation(s); and (4) any amount resulting from statutory computation or recomputations based on such adjustments. The provisions of Section 6511(c) Internal Revenue Code of 1954, are limited to any refund or credit resulting from adjustments for which the period of assessment is extended under this agreement. The Form 872-A for 1982 contained no such added language. The form transmittal letter which accompanied the Form 872-A for 1981 contained a heading reference to petitioner Albert Russello's social security *395 number [2] and another heading reference that read: "In Re: ENI Exploration". The form transmittal letter which accompanied the Form 872-A for 1982 contained a heading reference to petitioner Albert Russello's social security number [3] and another heading reference that read: "IN RE: [the Employer Identification Number of ENI]". On January 7, 1987, respondent received a Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, for petitioners' 1981 tax year. On February 26, 1987, respondent mailed to petitioners a statutory notice of deficiency in which he determined that petitioners had additional income of $ 5,782 for 1981 and $ 1,580 for 1982 as their distributive share adjustments to ENI partnership losses for those years, that petitioners were not allowed a residential credit carryover of $ 15,770 claimed in 1981 because it had *396 been allowed in a prior year, and that petitioners were not eligible for income averaging in 1981 and 1982 due to the audit adjustments for their base period years. OPINION Petitioners' primary contention is that the Forms 872-A for 1981 and 1982 extend the limitations period only with regard to corporation and partnership adjustments relating to ENI and do not enable respondent to question petitioners' use of income averaging under sections 1301-1305, repealed for tax years beginning after December 31, 1986. Section 141(a), Pub. L. 99-514, 100 Stat. 2117. Petitioners contend that the typed portion of the Form 872-A for 1981, the references in the transmittal letters to ENI, and certain alleged statements by respondent's agent caused petitioners to believe that the Forms 872-A were restricted in scope to adjustments related to partnership and corporation items including ENI Exploration Program. Respondent replies that the Forms 872-A for 1981 and 1982 are clear and unambiguous on their face. They authorize the assessment of the "amounts of any Federal Income Tax due" for those two years. The added language of the Form 872-A for 1981 allows adjustments resulting from any carryover *397 tax effects caused by adjustments to any prior tax return and any amount resulting from statutory computation or recomputations based on such adjustments and, according to respondent, the extrinsic evidence relied upon by petitioners in their interpretation of the consent forms is barred by the parol evidence rule. A consent to extend the period of limitations is not a contract, but rather a unilateral waiver of a defense by the taxpayer. Stange v. United States, 282 U.S. 270 (1931); Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). Contract principles are significant, however, because section 6501(c)(4) requires that the parties reach a written agreement. Piarulle v. Commissioner, supra.The term "agreement" means a manifestation of mutual assent. Piarulle v. Commissioner, supra.It is the objective manifestation of mutual assent as evidenced by the parties' overt acts, not the parties' secret intentions, that determines whether the parties have made an agreement. Kronish v. Commissioner, 90 T.C. 684, 693 (1988). Petitioners manifested their agreement to the terms set forth in the Forms *398 872-A for 1981 and 1982 when they signed those consent forms. The language of the Forms 872-A for 1981 and 1982 is clear and unambiguous. In our view, the authorization in those forms to assess the "amounts of any Federal Income Tax due" for 1981 and 1982 permits respondent to use the correct amounts of base period income (sec. 1302(b)(2)) in determining eligibility for income averaging. The correct income for the base period years must be used in making that determination "whether or not the assessment of a deficiency or the refund of an overpayment for such base period year[s] is barred by the statute of limitations." Unser v. Commissioner, 59 T.C. 528, 530 (1973). See also Odend'hal v. Commissioner , 80 T.C. 588, 618 (1983), affirmed and remanded on other grounds 748 F.2d 908 (4th Cir. 1984). Petitioners attempt to combine items (1) and (2) of the purportedly restrictive language of the Form 872-A for 1981 to read as follows: "any carryover tax effects caused by adjustments to any prior tax return * * * of ANY partnership(s) and or corporation(s) * * *." Such a construction distorts the clear meaning of the added language. Item *399 (1) is not modified by item (2). If the drafters of the added language had meant for item (1) to relate only to prior tax returns of "partnership(s) and or corporation(s)" then those words could have easily been included as they were in item (3). The provision in item (4) for a "statutory" computation or recomputations based on corporation or partnership adjustments shows a clear intention that the statute should be followed in determining whether petitioners are eligible for income averaging. The Form 872-A for 1982 is an even more obvious case since it contains no added language to modify the broad, general scope of the computer-generated form. Both forms by their terms permit respondent to use the correct amounts of income for the base period in determining petitioners' eligibility for income averaging. Petitioners further contend that section 6214(b) does not provide this Court with jurisdiction to consider the base period years' adjusted taxable income. [4] However, section 6214(b) does not prevent the Tax Court from computing, as distinguished from "determining," the taxable income and adjustments thereto for a year not in issue when such a computation is necessary to determination *400 of the correct tax liability for a year that has been placed in issue. Lone Manor Farms, Inc. v. Commissioner, 61 T.C. 436, 440-441 (1974), affd. without published opinion 510 F.2d 970 (3d Cir. 1975). Moreover, petitioners' contention is based on the assumption that the Forms 872-A for 1981 and 1982 restricted inquiry to partnership and corporation items and we have already held that such is not the case. This argument is without merit. We add that "the income-averaging provisions are intended to adjust the rate of taxation, not the amount of gross income." Okin v. Commissioner, 808 F.2d 1338, 1340 (9th Cir. 1987), *401 affg. a Memorandum Opinion of this Court. The parties have stipulated the erroneous base period income amounts used by petitioners in their income tax returns for the base period years and the corrected amounts of the income for those years. To adopt petitioners' contentions would require us to conclude that the Forms 872-A were intended to require the computation of the deficiencies for 1981 and 1982 by using patently erroneous rates. To permit such a conclusion would require the Forms 872-A to contain unequivocal language to that effect and they do not. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years at issue.↩
2. The printed heading reference was to "Social Security or Employer Identification Number:" and petitioner Albert Russello's social security number was typed in. ↩
3. The heading of the computer-generated form letter included a reference to: "SSN OR EIN: [petitioner Albert Russello's social security number]".↩
4. Section 6214(b) reads as follows: (b) JURISDICTION OVER OTHER YEARS AND QUARTERS. -- The Tax Court in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year or calendar quarter shall consider such facts with relation to the taxes for other years or calendar quarters as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid.↩