T.C. Memo. 1996-192


UNITED STATES TAX COURT


RUSTY K. LONDON, F.K.A. IRVING LONDON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15285-90.                Filed April 22, 1996.


<u>Jeffrey I. Margolis</u> and <u>Randall G. Dick</u>, for petitioner.

<u>Wilton A. Baker</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case is before

the Court on the parties' cross-motions for partial summary

judgment.[1]

---

[1] All section references are to the Internal Revenue Code
in effect for the years in issue, unless otherwise indicated.
All Rule references are to the Tax Court Rules of Practice and
(continued...)

Respondent filed a motion for partial summary judgment in which she asserts that petitioner is not entitled to use income averaging for the taxable years 1980 and 1981. Petitioner filed an objection to respondent's motion and also filed a cross-motion for partial summary judgment. Petitioner argues that he is entitled to income averaging for the taxable years 1980 and 1981. Respondent filed a notice of objection to petitioner's cross-motion for partial summary judgment.

Respondent issued a notice of deficiency on April 5, 1990, determining deficiencies in and additions to petitioner's Federal income taxes for the taxable years 1980 through 1982 as follows:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(a) | Sec. 6653(a)(1) | Sec. 6661 |
| 1980 | $76,748.00 | $3,837 | --- | --- |
| 1981 | 125,013.15 | --- | $6,250.65 | --- |
| 1982 | 47,634.00 | --- | 2,381.70 | $11,908.50 |

The notice of deficiency determined a number of adjustments related to Merit Securities issues. See Seykota v. Commissioner, T.C. Memo. 1991-234, supplemented by T.C. Memo. 1991-541. A timely petition was filed invoking the jurisdiction of this Court. Soon after the pleadings were closed, the parties filed a stipulation of settlement of tax shelter adjustments wherein they agreed to be bound by the test case litigation in Seykota v. Commissioner, supra.

---

[1](...continued)
Procedure.

The notice of deficiency also determined that petitioner was not entitled to income averaging for the taxable years 1981 and 1982 because he was unable to substantiate the base period years.[2] An amendment to petition was filed wherein petitioner claimed entitlement to income averaging for the taxable years 1980 and 1981.[3]

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy--

> if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Given that the parties have filed cross-motions for partial summary judgment, it is apparent that each of them believes that the issue before us is ripe for summary adjudication and that there is no genuine issue as to any material fact.

---

[2] No taxable income was reported on the 1980 return; thus, income averaging was not utilized.

[3] The respective motions filed by the parties do not discuss the issue of income averaging for the taxable year 1982; accordingly, the Court assumes that the parties have resolved that question.

The following is a summary of the relevant facts that do not appear to be in dispute. They are stated solely for purposes of deciding the pending motions and are not findings of fact for this case. Fed. R. Civ. P. 52(a); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

Background

Petitioner computed his income tax liability for the taxable years 1978 and 1979 utilizing income averaging. The 4 base years for 1978 were 1974 through 1977, and the 4 base years for 1979 were 1975 through 1978. The 1978 and 1979 Federal income tax returns were examined by respondent. On the income averaging schedules (Schedules G) attached to the 1978 and 1979 returns, petitioner reflected zero taxable income for 1976 and 1977. Schedules G also reflected base period income for 1976 and 1977 as $2,200[4] and zero, respectively.

A notice of deficiency was issued to petitioner for the taxable years 1978 and 1979. The adjustments in the notice of deficiency increased his distributive share of income from two partnerships. The notice of deficiency did not disallow the use of income averaging. When the 1978 and 1979 tax years were

---

[4] The Schedule G attached to the 1978 return required a taxpayer to add to taxable income for 1976 the exemption amount ($2,200) in order to arrive at base period income.

resolved[5] between the taxpayer and the Internal Revenue Service Appeals Office, the computation of the deficiencies for those years permitted the use of income averaging based on the amounts of taxable income for the base years reflected by petitioner.

The 1976 and 1977 Federal income tax returns are not available. Petitioner is unable to locate copies of those returns, and respondent asserts that the original 1976 and 1977 returns have been destroyed. In an affidavit, petitioner asserts that the amounts reflected for 1976 and 1977 on the Schedules G attached to the 1978 and 1979 returns were correct. Accordingly, petitioner asserts that taxable income was correctly reported on the 1976 and 1977 Federal income tax returns. Transcripts of account reflect the filing of the 1976 and 1977 Federal income tax returns and further reflect amounts of adjusted gross income.[6]

Petitioner further asserts that there were no investments in partnerships and corresponding claims for distributive share of losses in 1976 and 1977, which items were the subject of adjustments for the years 1978 through 1982. Respondent does not have any information or evidence that the amounts reflected as

---

[5] The matter was settled administratively; thus, no petition was filed in response to the 1978 and 1979 notices of deficiency.

[6] The transcript reflects the amounts of $863 and $1,304 for 1976 and 1977. While not clear from this document, the parties have explained these amounts to represent adjusted gross income.

taxable income for 1976 and 1977 on the income averaging schedules of the 1978 and 1979 returns are not correct.

Discussion

As applicable for the years in issue, sections 1301 through 1305 provided for income averaging. In order for a taxpayer's liability to be computed under the income averaging provisions, the correct taxable income for the base period years must be determined. Unser v. Commissioner, 59 T.C. 528 (1973). The tax years in question are 1980 and 1981. Thus, the question is whether petitioner has adequately established his correct taxable income for the years 1976 through 1980.[7] In their cross-motions for partial summary judgment, the parties do not disagree as to the evidence that is available, and ask the Court to decide if, based on such evidence (or lack of evidence), petitioner, as a matter of law, qualifies for income averaging.

The only years of base period income put in question by the pending motions are 1976 and 1977. Since the 1976 and 1977 tax returns, or copies thereof, are not available, petitioner has presented other circumstantial evidence through documents and an affidavit to establish correct taxable income. Respondent has

---

[7] The base years for 1980 are 1976 through 1979. The base years for 1981 are 1977 through 1980. Respondent does not question the base years 1978 and 1979. Petitioner's income for 1980 is a matter in issue in this proceeding because 1980 was one of the years for which a deficiency was asserted by respondent. Thus, the fact that petitioner's income for that year has yet to be adjudicated is not an obstacle to his claim for income averaging. See Ryza v. Commissioner, T.C. Memo. 1977-64.

not set forth any specific facts or presented any evidence nor has she disputed the assertions made by petitioner. Based on this record, we find that petitioner has established correct taxable income for 1976 and 1977. Having established that, there is no impediment to petitioner's obtaining the benefits of income averaging for the taxable years 1980 and 1981.

Petitioner argues that there is ample case law that stands for the proposition that, when a taxpayer presents respondent with evidence of correct taxable income for a base year, respondent must do more than simply argue that the tax year has not been examined. Lynch v. Commissioner, T.C. Memo. 1983-173. In this case, petitioner has provided some documentary evidence and made factual assertions that tend to establish correct taxable income for 1976 and 1977. The documents consist of a transcript of account reflecting adjusted gross income for 1976 and 1977, income averaging schedules attached to tax returns for 1978 and 1979 reflecting taxable income for 1976 and 1977, a statutory notice of deficiency for 1978 and 1979, and a settlement agreement for 1978 and 1979. Neither the statutory notice nor the settlement agreement disallowed use of income averaging based on the income for 1976 and 1977 reported on the schedules attached to the 1978 and 1979 returns. Moreover, petitioner has filed an affidavit making unrefuted assertions that the 1976 and 1977 taxable income was correct as so reported.

Respondent has not asserted that the information provided by petitioner is incorrect. Compare <u>Ryza v. Commissioner</u>, T.C. Memo. 1977-64, where respondent presented evidence of unexplained deposits to establish that the taxpayer's base year income was not correct as reported. See also <u>Royster v. Commissioner</u>, T.C. Memo. 1985-258, affd. 820 F.2d 1156 (11th Cir. 1987). Respondent's position is simply that petitioner has not said or done enough to prove base year income.

There is no evidence in this case that the taxable income for 1976 and 1977 is not accurate as claimed by petitioner. Compare <u>Padow v. Commissioner</u>, T.C. Memo. 1987-250, affd. 843 F.2d 1388 (4th Cir. 1988); <u>Olive v. Commissioner</u>, T.C. Memo. 1983-195; <u>Abernathy v. Commissioner</u>, T.C. Memo. 1978-370. In fact, respondent accepted petitioner's base year income for 1976 and 1977 when the parties resolved the deficiencies for 1978 and 1979. While we do not suggest that respondent is bound by acceptance of the base year income in resolving the 1978 and 1979 tax years, respondent has not presented any assertions or argument that she has reason to not accept those amounts for purposes of this case. Nor has respondent taken any other action to show that the base years' taxable income is not correct. Cf. <u>Ryza v. Commissioner</u>, <u>supra</u>.

We hold that petitioner is entitled to income averaging for the taxable years 1980 and 1981 utilizing the base year income reflected in this record.

The parties have presented substantial argument with respect to the effect of a prior motion filed by respondent wherein, for purposes of the motion, respondent computed petitioner's 1980 and 1981 tax liabilities allowing income averaging.  The Court subsequently permitted respondent to withdraw that motion.  We do not deem the filing or withdrawal of said motion to be relevant or a discussion thereof necessary for our holding herein.

An appropriate order will be issued denying respondent's motion for partial summary judgment and granting petitioner's motion for partial summary judgment.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued</u>.