T.C. Memo. 1999-114


UNITED STATES TAX COURT


FREDERICK BUTCHER AND JUDITH H. BUTCHER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12358-97.                    Filed April 6, 1999.


Richard L. Friedman, for petitioners.

Robert W. Mopsick, for respondent.


MEMORANDUM OPINION


FOLEY, Judge:  By notice dated March 12, 1997, respondent
determined a $6,102 deficiency and section 6653(b) additions to
tax relating to petitioners' 1985 Federal income tax.  All
section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners agree with respondent's adjustments relating to petitioners' 1985 income tax return and do not contest the additions to tax. The sole issue for decision is whether petitioners may use income averaging to compute their 1985 tax liability.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. At the time the petition was filed, petitioners resided in Stillwater, New Jersey.

During 1985, Mr. Butcher was a self-employed certified public accountant. On their 1985 return, petitioners reported a $68,204 loss relating to JGD Associates, L.P. (JGD Associates). In 1993, Mr. Butcher pleaded guilty to violating section 7206(1) (i.e., to willfully subscribing to a 1985 income tax return that he did not believe to be true and correct as to every material matter). In his plea, Mr. Butcher admitted that petitioners were not entitled to the $68,204 deduction.

In January 1994, petitioners filed an amended 1985 return, on which they increased their total taxable income by $68,204 (i.e., the amount of the disallowed deduction). Petitioners computed their 1985 tax liability pursuant to the income-averaging method. This computation was based on the taxable

income amounts petitioners reported for 1982, 1983, and 1984. On their 1984 return, petitioners reported, but were not entitled to, a $30,729 loss relating to JGD Associates. The period to assess a deficiency in petitioners' 1984 Federal income tax has expired.

## Discussion

Respondent contends that, for income-averaging purposes, petitioners are required to use the correct amount of 1984 taxable income, even though the period for assessing a deficiency relating to that year has expired. Respondent further contends that petitioners' 1984 taxable income should be increased by $30,729 to offset the $30,729 deduction that petitioners were not entitled to claim. If respondent is allowed to adjust petitioners' 1984 taxable income, petitioners will not be eligible for income averaging (i.e., because their "averagable income" for 1985 will not exceed $3,000). See secs. 1301 and 1302. Petitioners admit they were not entitled to the $30,729 deduction, but they contend that "the Court should apply fairness and equity" and not permit respondent to adjust their 1984 taxable income.

Petitioners' contention is meritless. A taxpayer who seeks to compute his tax liability under the income-averaging method, must use the correct, not merely the reported, taxable income of each of the 3 preceding years, even if the period for assessing a

deficiency has expired.  See <u>Unser v. Commissioner</u>, 59 T.C. 528, 530 (1973).  Thus, for income-averaging purposes, respondent may increase petitioners' 1984 taxable income by $30,729.  As a result, petitioners are not eligible for income averaging. Accordingly, we sustain respondent's determination.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>